WILL THOMPSON v. THE STATE.

No. 2436.    Decided May 14, 1913.

Rehearing denied June 14, 1913.

1.—Rape—Attorney and Client—Continuance.

Where one of defendant's attorneys was present at the trial and conducted the defense, the court did not err in overruling an application to postpone or continue the case on account of the absence of one of defendant's attorneys.

2.—Same—Physical Examination of Female.

Upon trial of rape upon a female under the age of consent, where a physician had made a physical examination of said female, some ten days after the alleged event, and positively testified to penetration, there was no error in admitting this testimony.

3.—Same—Evidence—Clothes of Party Injured—Harmless Error.

Where the mother of the prosecutrix testified that she examined the clothes of her daughter and found them cut open and some stains thereon, there was no reversible error that in this connection she inadvertently stated that such stains were made by the defendant (she not having been present at the time the offense was committed), it being manifest that the witness did not intend to mislead the jury.

4.—Same—Sufficiency of the Evidence.

Where, upon trial of rape upon a female under the age of consent, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Jones.    Tried below before the Hon. Jno. B. Thomas.

Appeal from a conviction of rape; penalty, eighteen years imprisonment in the penitentiary.

The following statement of the Assistant Attorney-General is substantially correct:    Mr. Ash and the defendant were close friends and the defendant often visited at the home of Mr. Ash in Snyder.    At the time the offense is alleged to have been committed Mr. Ash was out of town.    About 5 o'clock on the evening of July 8, 1912, Mrs. Ash sent prosecutrix, Velma Ash, who was then twelve and one-half years old, to town to mail a letter, and the defendant saw her in town and asked to walk home with her.    Then they walked on down the railroad track toward her home a piece and turned off and went down a little road, and from this road they turned off into a little branch, the view from the outside being cut off by trees.    When they got down in this branch the defendant asked prosecutrix to kiss him, which she refused to do, and he forced her to.    He then forced her to sit down by him on the bank and took out his knife and cut her bloomers between the legs, the prosecutrix trying to get away from him at this time.    Prosecutrix then testifies that defendant had intercourse with her against her will.    The mother of prosecutrix testified that the bloomers worn by Velma on the day in question were cut between the legs and that she found on them some white stain.    Dr. Rosser, who examined prosecutrix ten days after the alleged commission of the offense, testified that the private parts of prosecutrix had been penetrated, etc.

W. A. *Anderson and L. W. Sandusky,* for appellant.—On question of absence of counsel: Jackson v. State, 55 Texas Crim. Rep., 79.

On question as to admitting testimony of mother of prosecutrix as to stains on her daughter's clothes: Campbell v. State, 10 Texas Crim. App., 560.

On question of sufficiency of the evidence: Draper v. State, 57 S. W. Rep., 655.

C. E. *Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of rape on a girl under fifteen years of age and his punishment assessed at eighteen years confinement in the State penitentiary.

Appellant, when the case was called for trial, filed a motion to postpone or continue the case on account of the absence of one of his attorneys. This was the second application, the case having been continued at a prior term on his motion on account of absence of certain witnesses. As one of appellant's attorneys was present, and, so far as we are able to judge from this record, ably conducted his defense, the court did not err in overruling the application.

The father of the girl alleged to have been raped was absent from home at the date of the offense. Her mother wrote for him, and on his return home, as soon as he could get his family physician, he had the girl examined, and the physician positively testifies to penetration. While this was some ten days after the alleged offense, it was not so remote as to render it inadmissible.

The mother of Velma Ash testified to examining the bloomers of her daughter and found them cut. This was admissible and the court did not err in so holding. However, the bill states she testified she "found the passage from him on them." It was also permissible for her to state that she found "white stuff- like the passage from a man on the bloomers," and this is what the court states he understood the witness to testify, but, in approving the bill, he approves it as prepared by appellant's counsel, and this would have her to say she "found the passage from *him* on them." It was improper to permit her to so testify, but her whole testimony shows she was not present at the time the offense was committed, did not find the passage on the drawers until next morning, and we do not think it such error as will necessitate the reversal of the case under the evidence adduced on this trial. Later on she states when she found this stain on the bloomers "it had dried," and makes it manifest that she did not intend to lead the jury to believe that she knew who put the stain on the drawers, and this inadvertent expression in the use of the words "from him" in connection therewith, while erroneous, adds no strength to the case for the State, and under such circumstances such error has been held to be harmless error.

The testimony is such that it unquestionably supports the verdict and finding of the jury, and the heavy penalty assessed was doubtless occa-

sioned by the fact that appellant was a mature man, a seeming friend to the family, one who had been the guest of the father; one who "dropped in" at all hours of the day and then when the father was called from home took advantage of this occasion to attempt the ruin of his daughter. This doubtless was deemed by them as so reprehensible to indicate that he was devoid of those instincts which go to make good citizenship.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 4, 1913.—Reporter.]